UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| THE TRAVELERS INDEMNITY COMPANY,<br>    Plaintiff,<br><br>v.<br><br>LEGAL & GENERAL GROUP PLC, LEGAL & GENERAL AMERICA, INC., LEGAL & GENERAL INVESTMENT MANAGEMENT AMERICA, INC., BANNER LIFE INSURANCE COMPANY, and WILLIAM PENN LIFE INSURANCE COMPANY OF NEW YORK,<br>    Defendants.<br><br>LEGAL & GENERAL GROUP PLC,<br>    Counterclaim-Plaintiff,<br><br>v.<br><br>THE TRAVELERS INDEMNITY COMPANY,<br>    Counterclaim-Defendant. | No. 3:13-cv-01737 (JAM) |

**ORDER RE: DEFENDANTS' PRIVILEGE OBJECTION**

The Court overrules in part defendants' privilege objection to discovery relating to discussions between Geoffrey Timms (General Counsel for defendant Legal and General Group PLC (L&G)) and Sir David Prosser (former CEO of defendant L&G) as referenced by Geoffrey Timms in his letter of September 25, 2012 to in-house counsel for plaintiff The Travelers Indemnity Company (Travelers). That letter from Geoffrey Timms to Travelers states in part that Geoffrey Timms had "discussed" a matter of significance to this litigation with Sir David

1

Prosser, that Sir David Prosser had "confirmed" a certain historical fact to Geoffrey Timms, and that Sir David Prosser "was adamant" about the capacity in which certain persons acted in connection with a matter of consequence to this litigation. The principal dispute between the parties is whether any claim of attorney-client and work-product privilege has been waived (and to what extent) by the fact that this communication was divulged by Geoffrey Timms in his letter to Traveler's in-house counsel.

I find a clear implied waiver of any claim of corporate attorney-client privilege with respect to any specific discussion between Geoffrey Timms and Sir David Prosser that formed the basis for the representations made by Geoffrey Timms to Travelers in the letter of September 25, 2012. *See In re Grand Jury Proceedings*, 219 F.3d 175, 182-83 (2d Cir. 2000). It is plain that Geoffrey Timms could have presented L&G's position to Travelers without making representations about what Sir David Prosser personally told him about specific facts and circumstances. Any attorney should know that he or she is on thin ice so far as the privilege may go when that attorney discloses to non-privileged third parties a client's statements to the attorney and characterized as the client's own statements.

Defendants' claim is without merit that the disclosures at issue here are like those made in affidavits in support of summary judgment motions. A client affidavit that is submitted in support of a motion for summary judgment is a client's sworn statement of facts that is made for submission to a court. It is not, as here, a statement *of an attorney* that characterizes what the client in turn has told the attorney.

For the same reasons, I find any work-product privilege claim also to be waived as to the specific discussions that formed the basis for the representations made in the letter of September 25, 2012. *Id.* at 191; *see also In re Steinhardt Partners, L.P.*, 9 F.3d 230 (2d Cir. 1993). The

reasons for treating these communications as privileged vanish when they have been voluntarily disclosed as Geoffrey Timms chose to do in this instance.

I further find that the waiver of privilege shall be narrowly construed in light of the limited prejudice concerns discussed during the Court's teleconference call with counsel and consistent with the Second Circuit's guidance in *In re Grand Jury Proceedings,* 219 F.3d at 183, 188-89. The waiver is deemed limited in scope to the specific content of the "discussions" as referenced in the letter of September 25, 2012. Plaintiff shall be permitted the following discovery: (1) deposition questions of Geoffrey Timms and Sir David Prosser concerning the specific "discussions" on which Geoffrey Timms purported to rely in which Sir David Prosser purportedly "confirmed" to Geoffrey Timms a certain historical fact and "was adamant" to Geoffrey Timms about the capacity in which certain persons acted; (2) the production of communications (if any) from Sir David Prosser to Geoffrey Timms that actually constitute the "discussions" as specifically referenced and described by Geoffrey Timms in his letter of September 25, 2012. Defendants may assert the privilege with respect to any matter beyond the scope of the narrow waiver as described.

It is so ordered.

Dated at Bridgeport this 4th day of December 2014.

/s/
Jeffrey Alker Meyer
United States District Judge